Humberto M. Guizar, Esq., (SBN 125769)
**LAW OFFICES OF HUMBERTO GUIZAR**
A Professional Corporation
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101
Email: HGuizar@GHCLegal.com

Christian Contreras, Esq., (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
Professional Law Corporation
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiffs,
ESTATE OF RODNEY COLEMAN, et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RODNEY COLEMAN, by and through successor in interest, WILLIE MAE BAYLOR; WILLIE MAE BAYLOR, individually,<br><br>Plaintiffs,<br><br>v.<br><br>SAN BERNARDINO SHERIFF'S DEPARTMENT, a public entity, COUNTY OF SAN BERNARDINO, a public entity; and DOES 1 through 10, individually,<br><br>Defendants. | **CASE NO.: 5:23-cv-1586**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force, Fourth Amendment Violation (42 U.S.C. § 1983);<br>2. Denial of Medical Care, Fourth Amendment Violation (42 U.S.C. § 1983);<br>3. Deprivation of the Right to Familial Relationship with Decedent (42 U.S.C. § 1983);<br>4. Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br><br>**DEMAND FOR JURY TRIAL** |

---

1

**COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

3. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## PARTIES

4. Plaintiff WILLIE MAE BAYLOR, is and was, at all times relevant hereto, the nautral mother and sole heir of decedent RODNEY COLEMAN, and at all times relevant hereto was a resident of the Shrevport, Lousiana. Plaintiff WILLIE MAE BAYLOR brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiff WILLIE MAE BAYLOR also brings her claims individually and on behalf of decedent RODNEY COLEMAN on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law. Plaintiff WILLIE MAE BAYLOR also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

5. Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant SAN BERNARDINO SHERIFF'S DEPARTMENT (hereinafter also "SBSD"), also a separate public entity,[1] which employs other Doe Defendants in this action. At all times

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.").

relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBSD employees complied with the laws and the Constitutions of the United States and of the State of California.

6. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

7. Plaintiff ESTATE OF RODNEY COLEMAN does not yet know of the exact names or titles of the individual defendants sued fictitiously as DOES 1-10, inclusive. However, Plaintiff ESTATE OF RODNEY COLEMAN will seek leave to amend this Complaint to allege such names and titles as that information is ascertained.

8. Each of the defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations suffered by RODNEY COLEMAN, either through personal participation in the conduct; by acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; by promulgating policies or procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of Plaintiffs and others similarly situated, to initiate and maintain adequate supervision and/or training of the wrongful actors; or by officially ratifying or endorsing the misconduct of the actors under their supervision, direction, and/or control.

9. Whenever and wherever reference is made in a claim for relief to any act or omission by a defendant, such allegation and reference shall also be deemed to mean the acts and omissions of each defendant individually, jointly, and severally. Accordingly, each of the individual defendants is sued in their personal capacities for the

harms caused by their acts or omissions, whereas the Defendants COUNTY and SBSD are sued vis-a-vis the unconstitutional policies, practices, customs, training failures, and/or official ratifications that were the moving force behind the individual defendants' misconduct.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On August 11, 2021 at approximately 8:55 AM, RODNEY COLEMAN was at a bus stop in the area of Park Ave. and Palmdale Road in Victorville.

11. Upon information and belief, RODNEY COLEMAN was no engaging in any violent behavior, was not presenting a danger to any member of the public, and was not engaging in any conduct which required emergency intervention by law enforcement.

12. Subsequently, at 9:55 AM, Defendants DOES 1-5, inclusive, arrived to the bus stop at Park Ave. and Palmdale Road in Victorville and contacted RODNEY COLEMAN. Upon information and belief, RODNEY COLEMAN did not consent to the police contact.

13. Depsite no emergency occurring and despite RODNEY COLEMAN not being a threat to anyone, Defendants DOES 1-5, inclusive, physically detained and handcuffed RODNEY COLEMAN.

14. Upon information and belief, when Defendants DOES 1-5, inclusive, detained and handcuffed RODNEY COLEMAN, Defendants DOES 1-5, inclusive, used force on RODNEY COLEMAN. Upon information and belief, Defendants DOES 1-5, inclusive, used force on RODNEY COLEMAN despite RODNEY COLEMAN not resisting, not being a threat to the deputies, and not evading arrest by flight.

15. Furthermore, RODNEY COLEMAN was exhibiting signs of intoxication and also was short of breath when he was contacted by Defendants DOES 1-5, inclusive. Upon information and belief, it was clear that RODNEY COLEMAN was having difficulties breathing throughout his contact with Defendants DOES 1-5, inclusive.

16. Worst yet, upon information and belief, Defendants DOES 1-5, inclusive placed RODNEY COLEMAN in a position which restricted his breathing. Indeed, RODNEY COLEMAN was placed in a position to cause positional asphyxia. Positional asphyxia is "situating a person in a manner that compresses their airway and reduces the ability to sustain adequate breathing." *See* Gov. Code Section 7286.5 (a)(4) ("'Positional asphyxia' means situating a person in a manner that compresses their airway and reduces the ability to sustain adequate breathing. This includes, without limitation, the use of any physical restraint that causes a person's respiratory airway to be compressed or impairs the person's breathing or respiratory capacity, including any action in which pressure or body weight is unreasonably applied against a restrained person's neck, torso, or back, or positioning a restrained person without reasonable monitoring for signs of asphyxia."

17. After placing RODNEY COLEMAN in a position to cause him positional asphyxia and while RODNEY COLEMAN was having difficulty breathing, Defendants DOES 1-5, inclusive, physically forced RODNEY COLEMAN into the back of a patrol vehicle.

18. Upon information and belief, Defendants DOES 1-5, inclusive, did not summon medical assistance to render aid to RODNEY COLEMAN.

19. Upon information and belief, Defendants DOES 1-5, inclusive, left RODNEY COLEMAN in the back of the patrol vehicle for a significant amount of time without reasonably monitoring for signs of asphyxia. RODNEY COLEMAN was left in the back of the patrol vehicle until he was found unresponsive. RODNEY COLEMAN subsequently died as a result of his encounter his law enforcement.

## FIRST CLAIM FOR RELIEF

**Excessive Force,**

**Violation of the Fourth Amendment to the United States Constitution**

**(Survival Action – 42 U.S.C. § 1983)**

**(By Plaintiff ESTATE OF RODNEY COLEMAN as Against DOES 1 through 5)**

20. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

21. Plaintiffs allege that Defendants DOES 1-5, inclusive, used excessive force against RODNEY COLEMAN which deprived RODNEY COLEMAN of his right to be secure in his person against unreasonable searches and seizures as guaranteed to RODNEY COLEMAN under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. The touchstone of the Fourth Amendment is reasonableness and the force used on RODNEY COLEMAN was fundamentally unreasonable and in violation of RODNEY COLEMAN's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

23. On August 11, 2021, Defendants DOES 1-5, inclusive, acting in their individual and/or representative capacities, in the course and scope of their employment with SBSD, acting under color of law, used unreasonable and excessive force and violated the constitutional rights of RODNEY COLEMAN when they used more force than necessary under the circumstances and also placed RODNEY COLEMAN in a position which caused positional asphyxia.

24. When Defendants DOES 1-5, inclusive, used force on RODNEY COLEMAN and placed RODNEY COLEMAN in a position which caused positional asphyxia, RODNEY COLEMAN did not present a threat to the deputies and was not resisting. Therefore, the force used by Defendants DOES 1-5, inclusive, was objectively unreasonable and therefore in violation of the Fourth Amendment.

25. Therefore Defendants DOES 1-5, inclusive, caused the death of RODNEY COLEMAN. By virtue of their misconduct, Defendants DOES 1-5, inclusive, are liable for RODNEY COLEMAN's tragic death, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations. Accordingly, Defendants DOES 1-5, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1983.

**COMPLAINT FOR DAMAGES**

26. The ESTATE OF RODNEY COLEMAN by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

27. The conduct of Defendants DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RODNEY COLEMAN and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5, inclusive.

## SECOND CLAIM FOR RELIEF

### Failure to Summon Medical Care,

### Violation of the Fourth Amendment to the United States Constitution

### (Survival Action – 42 U.S.C. § 1983)

### (By Plaintiff Estate of RODNEY COLEMAN As Against DOES 1 through 5)

28. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

29. Claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006). Officers must provide objectively reasonable post-arrest care to an apprehended suspect. *Id.* "Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1099 (citing *Graham v. Connor,* 409 U.S. 386 (1989). 441 F.3d at 1098).

30. Upon information and belief, on August 11, 2021, after it was clear that RODNEY COLEMAN needed medical care, Defendants DOES 1-5, inclusive, failed to summon medical care. Indeed, given that RODNEY COLEMAN was subjected to excessive for and was placed in a position which caused positional asphyxia, RODNEY COLEMAN needed medical care. However, despite RODNEY COLEMAN's medical

needs, Defendants DOES 1-5, inclusive, failed to summon medical care in violation of the Fourth Amendment.

31. Therefore, Defendants DOES 1-5, inclusive, caused the death of RODNEY COLEMAN. By virtue of their misconduct, Defendants DOES 1-5, inclusive, are liable for RODNEY COLEMAN's tragic death, either because these Defendants were integral participants in the failure to summon medical care, or because they failed to intervene to prevent these violations. Accordingly, Defendants DOES 1-5, inclusive, are liable for all damages recoverable under 42 U.S.C. Section 1983.

32. The ESTATE OF RODNEY COLEMAN by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

33. The conduct of Defendants DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RODNEY COLEMAN and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5, inclusive.

## THIRD CLAIM FOR RELIEF

**Deprivation of the Right to Familial Relationship with Decedent,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**(By All Plaintiffs As Against DOES 1 through 5)**

34. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

35. The aforementioned acts and/or omissions of Defendants DOES 1 through 5 including the use of excessive force, subjecting RODNEY COLEMAN to positional asphyxia, and failing to summon medical care deprived WILLIE MAE BAYLOR, of her liberty interests in the familial relationship in violation of her substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

///

**COMPLAINT FOR DAMAGES**

36.  Plaintiff WILLIE MAE BAYLOR, as the biological mother of RODNEY COLEMAN, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the RODNEY COLEMAN and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiff's familial relationship with their son, Decedent SERRANO.

37.  The aforementioned actions of Defendants DOES 1-5, inclusive, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the familial relationship of RODNEY COLEMAN and Plaintiff, in that said Defendants had time to deliberate and then used excessive force, caused positional asphyxia, and failed to summon medical care that shocked the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of Plaintiff WILLIE MAE BAYLOR.

38.  Defendants DOES 1-5, inclusive, thus violated the substantive due process rights of Plaintiff WILLIE MAE BAYLOR to be free from unwarranted interference with their familial relationship with RODNEY COLEMAN.

39.  As a direct and proximate result of the actions of Defendants, Plaintiff WILLIE MAE BAYLOR suffered the loss of her beloved son, RODNEY COLEMAN, including damages for the loss of RODNEY COLEMAN's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with RODNEY COLEMAN, including loss of society and companionship.

40.  WILLIE MAE BAYLOR by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining

and prosecuting this action under 42 U.S.C. Section 1988.

41. The conduct of Defendants DOES 1-5, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of RODNEY COLEMAN and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-5, inclusive.

## FOURTH CLAIM FOR RELIEF

**Municipal Policies, Customs, Practices Causing Constitutional Violations**

**(*Monell* - 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF RODNEY COLEMAN as Against Defendants (COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT AND DOES 6-10)**

42. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

43. On and for some time prior to August 11, 2021 (and continuing to the present date), Defendants COUNTY, SBSD and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and RODNEY COLEMAN, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    A. Permitting SBSD deputies to restrain individual in such a manner which would cause asphyxiation and lead to death;

    B. Permitting SBSD deputies to not reasonably monitor for signs of asphyxia;

    C. Permitting SBSD deputies to not summon medical care when a subject is in need of medical care;

    D. Placing a subject who needs medical care in a patrol vehicle and not monitoring their condition;

    E. Employing and retaining as deputy sheriffs and other personnel, including Defendants Does 1-5 at all times material herein knew or reasonably should

       have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SBSD policies, including the use of excessive force;

F. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including Defendants Does 1-5, whom Defendants COUNTY, SBSD, and Does 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

G. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Does 1-5, who are deputies and/or agents of COUNTY and SBSD;

H. By failing to discipline COUNTY deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

I. By ratifying the intentional misconduct of Defendants Does 1-5 and other COUNTY deputies and/ or agents, who are COUNTY and SBSD deputies and/or agents of COUNTY and SBSD; and

J. By failing to properly investigate claims of unlawful detention and excessive force by SBSD deputies.

44. By reason of the policies and practices of Defendants COUNTY, SBSD, and DOES 6-10, RODNEY COLEMAN was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants.

45. Defendants COUNTY, SBSD and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned,

tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

46. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY, SBSD and DOES 6-10 acted with intentional, reckless, Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs and callous disregard for the life of Decedent and for Decedent's and implemented, maintained, and still tolerated by Defendants COUNTY, SBSD and Does 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of RODNEY COLEMAN and Plaintiff.

47. By reason of the acts and omissions of Defendants COUNTY, SBSD and Does 6-10, Plaintffs were caused to incur damages as stated elsewhere herein.

48. By reason of the acts and omissions of Defendants COUNTY, SBSD and Does 6-10, Plaintiff WILLIE MAE BAYLOR has suffered loss of love, companionship, affection, comfort, care, society, and future support of RODNEY COLEMAN.

49. The actions of each of Defendants Does 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 6-10.

50. Accordingly, Defendants COUNTY, SBSD and Does 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiff seeks both wrongful death damages and survival damages under this claim. Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff prosecuting this action.

///
///

## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as to Defendants as follows:

A. Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

B. RODNEY COLEMAN's coroner's fees, funeral and burial expenses;

C. Violation of RODNEY COLEMAN's constitutional rights, pursuant to federal civil rights law;

D. RODNEY COLEMAN's loss of life, pursuant to federal civil rights law;

E. RODNEY COLEMAN's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

F. General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

G. Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

H. Punitive damages as to individual peace officer defendants;

I. Interest; and

J. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988 and as otherwise may be allowed by California and/or federal law.

Dated: August 8, 2023         LAW OFFICES OF CHRISTIAN CONTRERAS
                              A PROFESSIONAL LAW CORPORATION

                              By: _/s/ Christian Contreras_
                              Christian Contreras, Esq.
                              Attorneys for Plaintiffs,
                              ESTATE OF RODNEY COLEMAN, et al.

**DEMAND FOR JURY TRIAL**

Plaintiffs, ESTATE OF RODNEY COLEMAN and WILLIE MAE BAYLOR hereby make a demand for a jury trial in this action.

Dated: August 8, 2023

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF RODNEY COLEMAN, et al.