**[Exempt From Filing Fee**
**Government Code § 6103]**

1  Christopher P. Wesierski [Bar No. 086736]
    *cwesierski@wzllp.com*
2  Michelle R. Prescott [Bar No. 262638]
    *mprescott@wzllp.com*
3  WESIERSKI & ZUREK LLP
   29 Orchard Road
4  Lake Forest, California 92630
   Telephone: (949) 975-1000
5  Facsimile: (949) 756-0517

6

7  Attorneys for Defendant, COUNTY OF
   SAN BERNARDINO

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| 11 ESTATE OF RODNEY COLEMAN, by and through successor in interest, 12 WILLIE MAE BAYLOR; WILLIE MAE BAYLOR, individually,, 13 | Case No. 5:23-cv-1586 |
| Plaintiffs, | **ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** |
| 14 vs. 15 | Trial Date:        None Set |
| 16 SAN BERNARDINO SHERIFF'S DEPARTMENT, a public entity, COUNTY OF SAN BERNARDINO, a 17 public enetity; and DOES 1 through 10. individually,, 18 | |
| Defendants. | |

19

20

21

22

23        COMES NOW, COUNTY OF SAN BERNARDINO and the SAN

24  BERNARDINO SHERIFF'S DEPARTMENT ("Defendants"), and hereby answers

25  the Complaint ("Complaint") filed by the Plaintiffs ESTATE OF RODNEY

26  COLEMAN, by and through successor in interest WILLIE MAE BAYLOR, and

27  WILLIE MAE BAYLOR individually ("Plaintiffs") in the above-entitled action as

28  follows:

1

I1933124-1 SBD-0019
ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY
TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## JURISDICTION AND VENUE

1.     In answering paragraphs 1, 2, and 3, Defendants admit that Plaintiffs are ostensibly invoking jurisdiction of this district court under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and venue in the Central District of California. Except as so admitted, these answering Defendants lack information and belief sufficient to enable it to answer thereto and basing its denial on that ground, denies generally and specifically each and every allegation contained therein.

## PARTIES

2.     In answering paragraph 4, Defendants deny the allegations contained in this paragraph.

3.     In answering paragraph 5, Defendants admit that COUNTY OF SAN BERNARDINO operates Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT. Except as expressly admitted, Defendants deny any remaining allegations contained in this paragraph.

4.     In answering paragraphs 6 and 7, Defendants admit these allegations.

5.     In answering paragraph 8 and 9, Defendants deny these allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.     In answering paragraph 10, Defendants lack sufficient information to admit or deny this allegation, and on that basis alone, deny these allegations.

7.     In answering paragraph 11, Defendants deny these allegations.

8.     In answering paragraph 12, Defendants lack sufficient information to admit or deny this allegation, and on that basis alone deny these allegations

9.     In answering paragraphs 13, 14, 15, 16 and 17, Defendants lack sufficient information to admit or deny that they handcuffed Rodney Coleman and placed him in the back of a patrol vehicle, and on that basis alone deny this allegation. Defendants deny any remaining allegations contained in these paragraphs.

10.    In answering paragraphs 18 and 19, Defendants deny these allegations.

2

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**FIRST CLAIM FOR RELIEF**

11.    In answering paragraphs 20, 21, 22, 23, 24, 25, 26, and 27 Defendants deny these allegations.

**SECOND CLAIM FOR RELIEF**

12.    In answering paragraphs 28 and 29, Defendants admit that claims for the denial of medical assistance after an arrest are analyzed under the Fourth Amendment. Defendants deny any other allegations in these paragraphs.

13.    In answering paragraphs 30, 31, 32, and 33, Defendants deny these allegations.

**THIRD CLAIM FOR RELIEF**

14.    In answering paragraphs 34, 35, 36, 37, 38, 39, 40, and 41, Defendants lack sufficient information to admit or deny that Willie Mae Baylor is the biological mother of Rodney Coleman and on that basis alone deny this allegation. Defendants deny any other allegations in these paragraphs.

**FOURTH CLAIM FOR RELIEF**

15.    In answering paragraphs 42, 43A-J, 44, 45, 46, 47, 48, 49, and 50 Defendants deny these allegations.

**REQUEST FOR RELIEF**

16.    In answering these requests, Defendants deny Plaintiffs are entitled to any of the relief requested

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

**SECOND AFFIRMATIVE DEFENSE**

Because Plaintiff's Complaint is couched in conclusory terms, this answering Defendant cannot fully anticipate all of the affirmative defenses that may be

3

1 applicable to the action, accordingly, the right to assert additional affirmative

2 defenses, if and to the extent that such affirmative defenses are applicable, is hereby

3 reserved.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

6     Plaintiff and Decedent failed to mitigate damages, which damages are denied

7 to exist.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith Immunity)**

10     Plaintiff's Complaint was not filed, is not maintained in good faith, and with

11 reasonable cause for purposes of 42 U.S.C. §§ 1983 and 1988.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

14     This answering Defendant asserts that Decedent was negligent in and about the

15 activities alleged in the complaint; that said negligence contributed and was a

16 proximate cause of decedent's alleged injuries and damages, or was the sole cause

17 thereof; and that if Plaintiff is entitled to recover damages against defendant, then

18 defendant prays that the recovery b diminished or extinguished by reason of the

19 negligence of plaintiff in proportion to the degree of fault attributable to decedent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Negligence Per Se)**

22     This answering Defendant asserts that any recovery on the Plaintiff's

23 Complaint, or any purported claim or cause of action therein, is barred in whole or in

24 part by Decedent's own conduct, which violated provisions of the Penal Code and, as

25 such, was negligent per se.

26

27

28

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

4

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY
TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1

2

**SEVENTH AFFIRMATIVE DEFENSE**

**(Immunity from Exemplary Damages)**

3   Pursuant to Government Code section 818, as well as *The City of Newport v.*

4   *Fact Concerts, Inc.*, 453 U.S. 247 (1981), this answering defendant is not liable for

5   exemplary or punitive damages in any sum, or at all.

6

7

**EIGHTH AFFIRMATIVE DEFENSE**

**(No *Monell* Liability)**

8   Plaintiff's Complaint fails to state a cause of action against this answering

9   Defendant pursuant to *Monell v. Department of Social Services of the City of New*

10   *York*, 436 U.S. 658 (1978) in that there can be no recovery for a federal civil rights

11   violation where there is no constitutional deprivation occurring pursuant to

12   governmental custom or policy.

13

14

**NINTH AFFIRMATIVE DEFENSE**

**(Immune under Federal Civil Rights Act)**

15   These answering Defendants are immune from liability pursuant to the Federal

16   Civil Rights Act where they reasonably believed their actions were lawful.

17

18

**TENTH AFFIRMATIVE DEFENSE**

**(No Violation of Federal Civil Rights)**

19   Plaintiff and/or decedent did not sustain an injury sufficient to give rise to a

20   violation of their federal civil rights.

21

22

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Policy, Custom, Usage Not Established)**

23   The requisite policy, custom, or usage to establish governmental liability under

24   42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional

25   incident unless proof of that incident includes proof that it was caused by an existing

26   unconstitutional policy.

27

28

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TWELFTH AFFIRMATIVE DEFENSE

### (Acting in Scope of Employment)

These answering Defendants' employees were at all times mentioned in Plaintiff's operative complaint and now are duly qualified, appointed, and acting peace officers of the County of San Bernardino, State of California, and that all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as peace officers.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Respondeat Superior Liability)

The doctrine of respondeat superior is not available under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each of Plaintiff's claims is barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Cause)

That the actions of this answering Defendant and its employees in all respects were reasonable, proper, and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Immunity under *Harlow*)

Pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), this answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where Defendant acted in good faith and entertained an honest and reasonable belief that their actions were necessary.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunity under *Pierson*)

Pursuant to *Pierson v. Ray*, 386 U.S. 547 (1967), this answering Defendant is immune from liability pursuant to the Federal Civil Rights Act where it acted in good

6

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

1  faith and entertained an honest and reasonable belief that their actions were

2  reasonable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Government Code §820.4)

Neither a public entity nor public employee is liable for his or her act or omission exercised in due care, in the execution or enforcement of any law under California Code §820.4.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Public Entity)

Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

### TWENTIETH AFFIRMATIVE DEFENSE

### (California Government Code)

Plaintiff's suit is barred by the provisions of California Government Code sections 815(a-b), 815.2(b), 818.8, 820.2, 820.4, 820.8, 821.6, and 945.4.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

This answering Defendant alleges that the damages allegedly suffered by Plaintiff, which said damages are generally and specifically denied to exist, were the result the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff's alleged damages which thereby relieves these answering Defendant from liability.

7

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Immunity Under Eleventh Amendment)

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant and said Defendant is immune from liability pursuant to the Eleventh Amendment of the United State Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Tort Claims Act)

Plaintiff's state law claims are barred because Plaintiffs failed to comply with the California Tort Claims filing requirements set forth in California Gov. Code § 911, et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liability under *Parratt*)

Plaintiff's operative complaint does not state facts sufficient to constitute a cause of action against this answering Defendant or any defendants herein, because simple negligence is not a federal civil rights violation pursuant to the United States Supreme Court decision in *Parratt v. Taylor*, 451 U.S. 527 (1981).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Plaintiff is barred by the qualified immunity doctrine.  This answering Defendant's employees at all times herein mentioned acted reasonably, in good faith, without malice, and within the scope of their duties as sworn peace officer(s) and public officials.  The Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the County of San Bernardino and its employees.

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

**1**

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**2** Neither a public entity nor a public employee is liable for any injury caused by

**3** the institution or prosecution of any judicial proceedings within the scope of the public

**4** employee's employment.

**5**

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**6**

### (Discretionary Immunity)

**7** Neither a public entity nor a public employee is liable for any injury resulting

**8** from his act or omission where the act or omission was the result of the exercise of

**9** discretion vested in him as set forth in § 820.2 of the Government Code.

**10**

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**11**

### (No Liability for Failure to Furnish Medical Care)

**12** Neither a public entity nor its employees are liable for any injury caused by the

**13** failure to furnish or obtain medical care for a prisoner in its custody.

**14**

### THIRTIETH AFFIRMATIVE DEFENSE

**15** Any injury to Plaintiff/Decedent was due to and caused by the negligence and

**16** omissions of the Plaintiff/Decedent to care for himself, which carelessness and

**17** negligence and omissions were the proximate cause of the damage, if any, to the

**18** Plaintiff/Decedent.

**19**

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**20** The damages, if any, should be in direct proportion to the fault of this

**21** Defendant/Decedent, if any, as provided by Civil Code §§ 1431 to 1431.5.

**22**

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**23**

### (Assumption of Risk)

**24** Defendant is not liable pursuant to the doctrine of assumption of risk.

**25**

**26**

**27**

**28**

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Health and Safety Code)**

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was providing emergency services pursuant to Health and Safety Code §§ 1799.106 and 1799.107.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Notice Provisions)**

To the extent that Plaintiff's Complaint alleges negligence based upon the acts of a healthcare provider, Plaintiff has failed to comply with the notice provisions of Code of Civil Procedure, § 364.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Privilege, Justification)**

Defendant alleges as follows:

A. That at all times material to the Complaint, San Bernardino was and is a municipal corporation duly organized and existing by virtue of the laws of the state of California;

B. That at all times material to the Complaint, certain of San Bernardino's employees and agents were peace officers and police officers employed by San Bernardino; and at all times material to the Complaint, were acting in the course and scope of their public office, service, employment, and agency;

C. That at all times material to the Complaint, Defendant acted in accordance with and pursuant to relevant California Penal Code Sections;

D. That at all times material to the Complaint, certain of San Bernardino's employees and agents had reasonable and probable cause to believe that Plaintiff

10

1  committed one or more violations of the California Penal Code and California Health

2  and Safety Code;

3    E. That at all times material to the Complaint, Defendant was acting in good

4  faith and without malice pursuant to the provisions of California Civil Code §§ 43.5(a)

5  and California Government Code Sections 815, 815.2(b), 818, 820.2, 821.6, 844,

6  844.6, and 845.4; and

7    That as a consequence of the above, Defendant is immune from liability in this

8  action, and the Plaintiff's causes of action alleged in the Complaint against Defendant

9  are barred by law.

10  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

11  **(Third Party Immunity)**

12    Defendant is a public entity and alleges the Complaint and each and every cause

13  of action therein is barred by the doctrine of third party immunity set forth in section

14  820.8 of the Government Code.

15  **THIRTY-EIGHTHAFFIRMATIVE DEFENSE**

16  **(Estoppel)**

17    By reason of plaintiff and decedent's own acts and omissions, they are estopped

18  from seeking any recovery from Defendant by reason of the allegations set forth in

19  the Complaint.

20  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

21  **(Justification)**

22    Defendant alleges that the City and its employees had legal justification for all

23  of their actions and omissions and therefore the Complaint and each and every cause

24  of action therein is barred.

25

26

27

28

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

11

I1933124-1 SBD-0019

ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

WESIERSKI & ZUREK LLP
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

## FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Actual Knowledge)

Plaintiff has insufficient evidence to prove that Defendant had actual knowledge of a serious risk of harm to Plaintiff/Decedent and disregarded such knowledge.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, Defendant alleges that at all times mentioned in the Complaint, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff/Decedent.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Exhaustion of Remedies)

As a separate and affirmative defense to the Complaint and to the alleged violations of U.S.C. §1983, Defendant alleges that Plaintiff has failed to exhaust administrative and/or contractual remedies.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reckless and Wonton)

At all times mentioned in the Complaint, Decedent acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, and wanton and negligent conduct proximately contributed to the injuries and damages sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Probable Cause)

At all times material to this action, Defendant had reasonable and probable cause to detain, restrain, and arrest Decedent based upon his violations of the California Penal Code and Health and Safety Code.

12

**WESIERSKI & ZUREK LLP**
LAWYERS
29 ORCHARD ROAD
LAKE FOREST, CALIFORNIA 92630
(949) 975-1000

**WHEREFORE**, these answering Defendants prays:

1.       That Plaintiff takes nothing by her Complaint on file herein;

2.       For their costs of suit incurred herein;

3.       For attorneys' fees, and

4.       For such additional remedies as the Court may find just and proper.

DATED: September 1, 2023        WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for COUNTY OF SAN
BERNARDINO

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1, these answering Defendants hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED:  September 1, 2023        WESIERSKI & ZUREK LLP

By: _____
CHRISTOPHER P. WESIERSKI
MICHELLE R. PRESCOTT
Attorneys for Defendant, COUNTY OF
SAN BERNARDINO

I1933124-1 SBD-0019        ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY
TRIAL